UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AKUBE WUROMONI NDOROMO a/k/a
AKIUBER NDOROMO JAMES,

                      Petitioner,

-against-

ERIC H. HOLDER, JR., United States Attorney
General, and DUKE TERRELL, Warden,
Metropolitan Detention Center,

                      Respondents.
----------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

09 Civ. 5741 (BMC)

**COGAN, District Judge.**

On December 23, 2009, petitioner Akube Wuromoni Ndoromo a/k/a Akiuber Ndoromo James, who is currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241"). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. The petition is hereby dismissed, as his claims lack a proper basis for relief under this statute.

Petitioner was convicted of health care fraud and additional related counts in the United States District Court for the District of Columbia, where judgment was entered on November 18, 2008. United States v. James, 06-cr-00019 (D.D.C.). Petitioner filed an interlocutory appeal and multiple petitions for relief pursuant to 28 U.S.C. § 2255 in that case. His most recent collateral challenge, filed on April 4, 2009, remains pending before that court. See United States v. James, 06-cr-00019, Docket Entry # 125 (D.D.C.); see also James v. United States, 08-cv-00285 (D.D.C.) (motion to vacate pursuant to § 2255, referring all filings to criminal case 06-cr-00019). Petitioner also remains subject to a civil forfeiture action in that court. See United States of America v. $455,273.72 in Funds from Bank of America Checking Account #001920677376, Held in the Name of the Voice Of Social Concern Association, Inc, et al., 05-cv-00356 (D.D.C.).

Petitioner has filed numerous civil actions of his own related to this matter. See Ndoromo v. United States, 06-cv-00150 (D.D.C.); Ndoromo v. City Bank, et al., 06-cv-00257 (D.D.C.); Ndoromo v. Bank of America, et al., 06-cv-00339 (D.D.C.); Ndoromo v. Sullivan, 08-cv-00742 (D.D.C.); Ndoromo v. Holder, et al., 09-cv-00503 (D.D.C.).

The instant submission initially consisted of two separate petitions, each dated and signed by petitioner, but stapled together and consecutively paginated and submitted together with a single set of exhibits and a single request to proceed *in forma pauperis*. The Court has determined that the petitions should be considered separately and has directed the Clerk to assign separate docket numbers. The first petition challenged the constitutionality of the conviction entered in the District of Columbia District Court. Accordingly, by separate Order, the Court has transferred the petition to that court. See Ndoromo v. Holder, et al., 09-CV-05686 (BMC).

The second (instant) petition is subtitled "Petition Requesting Media and Time Served or 12 Months Halfway House." In it, petitioner complains that prison authorities have prevented him from contacting the media about his allegations that government agents are engaged in health care fraud. He alleges that he "requested the BOP to transfer him to halfway house so he may be able to contact the Media about his conviction." The exhibits to the petition include a written request to prison authorities that he be allowed to talk to the media and follow-up complaints that his request was not addressed. He also attaches an Inmate Request to Staff requesting transfer to a halfway house.

Title 28, section 2241 permits habeas corpus review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This section provides a mechanism by which a federal prisoner may challenge the execution of his sentence, "including such matters as the administration of parole, computation of a prisoner's

2

sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). Petitioner's request for relief regarding the execution of his sentence is therefore properly filed in this Court, as this Court has jurisdiction over his custodian, the warden of the MDC.

However, petitioner has not alleged that his custody at the MDC or any other aspect of the execution of his sentence violates his rights. His only complaint is that prison authorities have not responded to his requests for access to the media. There is neither a constitutional nor statutory right for a prisoner to be assigned to a facility that best enables him to undertake media communications. See Grullon v. Reid, No. 97 Civ. 7616, 1999 WL 436457 (S.D.N.Y. June 24, 1999) ("It is well settled that a prisoner has no constitutional right to serve a sentence in any particular institution, or to be transferred from one facility to another."); see also Pell v. Procunier, 417 U.S. 817, 94 S. Ct. 2800 (1975) (upholding ban on prisoners conducting media interviews because institutional considerations, particularly public safety, justified limitation on prisoners' speech).

Moreover, petitioner acknowledges that he has not exhausted his administrative remedies. Such exhaustion is required before bringing a claim in federal court under the Prisoner Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). Although the failure to exhaust is generally an affirmative defense to be raised by the respondent, Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910 (2007), where petitioner himself pleads the failure to exhaust, it would be an exercise in futility and a waste of resources to require the Government to raise the

inadequacy. See Morgan v. Baker, 08-cv-713, 2008 WL 2568817 (D. Conn. 2008) (pointing out that the *Jones* decision recognized that a court may dismiss a complaint for failure to state a claim where the allegation on the face of the complaint establishes that it is subject to dismissal, even on the basis of an affirmative defense); see also Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001) (reiterating that federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief and setting out the cause and prejudice standard for excusing exhaustion).

For the foregoing reasons, the above-captioned petition is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
January 20, 2010